**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



| | |
|---|---|
| GUADALUPE SONIA RODRIGUEZ DOMINGUEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73586 <br><br> Agency No. A095-299-317 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2016[**]
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges and EATON,[***] Senior
International Trade Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard K. Eaton, Judge for the U.S. Court of International Trade, sitting by designation.

Guadalupe Sonia Rodriguez Dominguez ("Rodriguez"), a native and citizen of Mexico, petitions for review of the BIA's decision denying her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny Rodriguez's petition for review.

Rodriguez first entered the United States in 1989 as a non-immigrant visa visitor with authorization to remain in the United States for a temporary period not to exceed March 11, 1992. She filed the asylum application at issue here in 2007. An alien must file an asylum application within one year of her arrival into the United States. 8 U.S.C. § 1158(a)(2)(B). A late-filed application may be excused if the alien demonstrates "extraordinary circumstances" that are "directly related to the failure to meet the 1-year deadline . . . as long as the alien filed the application within a reasonable period given those circumstances." 8 C.F.R. § 208.4(a)(5). Although Rodriguez's expert testified that Rodriguez "was undergoing a low-grade depression" related to Rodriguez's coping with her homosexual orientation, this was not a serious mental disability that would prevent her from filing for asylum within one year of her arrival in the United States. Rodriguez's expert testified that he "could not pinpoint when the depression started," but suggested that it began as early as Rodriguez's childhood, and Rodriguez testified that she graduated from college in 1983 with honors, and in 1989 she obtained a visa to work in the United

States. Since no "extraordinary circumstances" existed to excuse Rodriguez's untimely asylum application, she is statutorily barred from asylum eligibility by 8 U.S.C. § 1158(a)(2)(B).[1]

**DENIED.**

---

[1] The BIA also found that Rodriguez "failed to prove that it was more likely than not she would be tortured by or 'at the instigation of or with the consent or acquiescence of a public official or other person acting in official capacity' upon removal to Mexico." In her opening brief, Rodriguez does not specifically challenge the BIA's denial of her CAT claim. Thus, the issue is waived. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082–83 (9th Cir. 2011) ("In his opening brief, Castro did not challenge the BIA's denial of his CAT claim and therefore waived it.").